UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff,

v.
                                      Case No. 25-cv-12440
                                      HON. MARK A. GOLDSMITH

DANIEL RYAN MCGOUGH,

      Defendant.

_____/

**OPINION & ORDER DISMISSING AS MOOT THE NOTICE OF REMOVAL (Dkt. 1),**
**DENYING THE MOTION FOR HEARING, APPOINTED COUNSEL, AND HABEAS**
**CORPUS (Dkt. 7), AND VACATING THE ORDER REFERRING MATTERS TO THE**
**MAGISTRATE JUDGE (Dkt. 8)**

Defendant Daniel Ryan McGough filed a pro se Notice of Removal.  He has also filed a motion for a hearing, for appointed counsel, and for habeas corpus. In his pro se application, Defendant sought to have his pending state criminal charge of fourth-degree fleeing and eluding a police officer, operating an unregistered vehicle, operating a motor vehicle without security, operating a motor vehicle on a suspended license, refusing to obey a police officer, and resisting, obstructing or assaulting a police officer removed to this Court.

For the reasons stated below, the notice of removal and the petition for writ of habeas corpus are dismissed as moot.  The order referring all pre-trial matters to Magistrate Judge David R. Grand is rescinded.

## I.  BACKGROUND

Defendant was arrested for these charges on July 3, 2025. His case was initially pending in the 14A District Court for Washtenaw County, Michigan when he filed this action. His case, however, was subsequently bound over to the 22nd Circuit Court for Washtenaw County, Michigan.  On

1

January 22, 2026, the case was dismissed after the Washtenaw County Prosecutor  filed a motion to <u>nolle</u> <u>prosequi</u> the case.  <u>People v. McGough,</u> No. 25-000532-FH (Washtenaw Cty. Cir. Ct.).[1]  Defendant sought to have his pending criminal case removed to this Court.  He also appeared to seek habeas relief from his prosecution.

## II.  ANALYSIS

McGough's request to remove his state prosecution to this Court and his request for pre-trial habeas relief have been mooted by the dismissal of these charges against him.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990).  "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." <u>Carras v. Williams,</u> 807 F.2d 1286, 1289 (6th Cir. 1986).  Because it strikes at the heart of federal court jurisdiction, the mootness of a case, particularly a habeas petition, can be raised <u>sua sponte</u> by the federal court, even if the issue is not addressed by the parties. <u>See</u> <u>Brock v. U.S. Dep't of Justice,</u> 256 F. App'x 748, 750 (6th Cir. 2007).

McGough's request for removal of his state criminal case to federal court has been rendered moot by the completion of his criminal case in the Washtenaw County Circuit Court. <u>See</u> <u>Virginia v. Banks</u>, 498 F. App'x 229 (4th Cir. 2012) (completion of state criminal prosecution for fraud

---

[1] <u>See</u> Washtenaw County Court Record: https://perma.cc/K9V3-9U6S. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. <u>See</u> <u>Daniel v. Hagel</u>, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); <u>United States ex. rel. Dingle v. BioPort Corp</u>., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

offenses and expiration of defendant's sentence rendered moot defendant's challenges on appeal to district court's denial of defendant's motion to reinstate action to remove criminal prosecution to federal court and subsequent motion for reconsideration).  Likewise, McGough's request for habeas relief has been rendered moot by the dismissal of the charges against him.  See Piskanin v. Krysevig, 349 F. App'x 683, 685 (3d Cir. 2009) (Former pretrial detainee's habeas petition seeking relief from check-related charges in state court which were allegedly barred by double jeopardy was moot, where charges were dismissed by entry of nolle prosequi and the possibility that charges would be reinstated in the future was so speculative that any decision on the merits of habeas petition would be merely advisory and not in keeping with Article III case-or-controversy requirement).

To the extent that McGough sought to file a civil rights action, this is accomplished by filing a complaint. Austin v. Stapleton, 628 F. Supp. 3d 702, 705 (E.D. Mich. 2022) (citing FED. R. CIV. P. 3, 8).  To the extent that he intended his Notice of Removal to Federal Court to function as a new complaint, it is dismissed without prejudice. Id. at 707.

### III.  CONCLUSION

The notice of removal and petition for writ of habeas corpus are dismissed as moot.  To the extent Defendant intended his Notice of Removal, (Dkt. 1), to function as a new complaint, it is dismissed.  The motion for a hearing, appointed counsel, and for habeas corpus (Dkt. 7) is denied. The order of referral to the magistrate judge (Dkt. 8) is vacated.

**SO ORDERED.**

Dated: May 21, 2026                              s/Mark A. Goldsmith
Detroit, Michigan                                MARK A. GOLDSMITH
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager